BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>Plaintiffs<br><br>vs.<br><br>WORLD WIDE EXHIBITS, INC.,<br><br>Defendant | Case No.: 2:23-cv-01469-CDS-DJA<br><br>**Order Granting Default Judgment Against World Wide Exhibits, Inc.**<br><br>[ECF No. 12] |

Plaintiffs the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Teamsters Convention Industry Training Fund ("Trust Funds") request entry of default judgment against defendant World Wide Exhibits, Inc. Default having been entered against World Wide, the court having reviewed the plaintiffs' motion, being fully advised, and good cause appearing, now makes the following findings of facts and conclusions of law.

**I. Findings of fact.**

1. Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2.   World Wide acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between World Wide and the International Brotherhood of Teamsters Local 631 ("Union").

3.   The CBA requires World Wide to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4.   The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5.   The Trust Funds are established by Trust Agreements ("Trust Agreements").

6.   Under ERISA and the Trust Agreements, World Wide is obligated to make its books and records available for a contract compliance review ("Audit").

7.   World Wide has failed to adequately respond to the Trust Funds' requests to make its books and records available for an Audit, by failing to provide all of the needed documents to complete the Audit.

8.   The Trust Funds' governing documents provide that if World Wide fails to make its books and records available for an Audit, the Trust Funds are permitted to presume contributions in the amount of $100,000 for each year covered by the attempted audit.

9.   World Wide has repeatedly refused to make its books and records sufficiently available for the Trust Funds to conduct an Audit.

10.  World Wide, therefore, is presumed to have failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

11.  As a result of its delinquency, World Wide is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees.

II.  **Conclusions of Law.**

1. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

2. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3. As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (citing *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013)) (internal quotation marks omitted). World Wide has failed to meet its obligations to make its books and records available to the Trust Funds and is therefore presumed to have failed to remit employee benefit contributions. World Wide refused to participate or otherwise defend itself in this action as required by relevant case law. Therefore, because the Trust Funds will have no recourse against World Wide unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that World Wide failed to meet its obligations to provide requested documents as required under the CBAs and Trust Agreements to which World Wide is bound. As a result, World Wide is liable to the

Trust Funds for its unpaid contributions, interest, liquidated damages, and attorneys' fees. *See* 29 U.S.C. § 1132(g)(2). Thus, because World Wide had default entered against it, it has admitted these facts, which should be taken as true. The second and third *Eitel* factors therefore favor the entry of default judgment.

      5.      The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on an the Trust Funds' governing documents and the calculations performed within the motion for default judgment. Moreover, the damages in this case are also dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

      6.      Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because World Wide has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes*, 559 F.2d at 560 (citing *Pope*, 323 U.S. at 12). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

      7.      The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The complaint was filed on September 20, 2023. ECF No. 1. A summons was issued to World Wide on December 1, 2023. ECF No. 4. On December 8, 2023, World Wide was personally served at its principal place of business in Canada. ECF No. 5. On February 9, 2024, World Wide was formally served in accordance with Article Five of the Hague Convention through Canada's Central Authority. ECF No. 6. Despite being served twice, World Wide did not file an answer or otherwise appear. The Trust Funds were then forced to file a motion for entry of clerk's default on April 17, 2024. ECF No. 7. World Wide again failed to respond, which led to its failure to adequately plead or otherwise defend the suit, resulting in the entry of default on May 10, 2024. ECF No. 10. In short, there is no evidence that World Wide's default was due to excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Constr. Laborers Trust Funds for S. Cal Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192 (C.D. Cal. 2018) (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp. 2d at 1177 (*citing Kloepping v. Fireman's Fund*, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one.

9. The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

### III. Order

IT IS HEREBY ORDERED that plaintiffs' motion for default judgment **[ECF No. 12] is GRANTED**. The Clerk of Court is instructed to enter judgment in favor of Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Board of Trustees of the Teamsters Convention Industry Training Fund and against defendant World Wide Exhibits, Inc. for delinquent employee benefit contributions ($674,973), liquidated damages ($586,846.39), interest ($586,846.39), audit fees ($550) and attorneys' fees ($18,786.50) for a total of **$1,868,002.28**. Post-judgment interest shall be set at 18%, in accordance with the Trust Funds' Collection Policies and Procedures.

The Clerk of Court is kindly directed to close this case.

Dated: July 19, 2024

_____
Cristina D. Silva
United States District Judge